# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

SEAN WAYNE NULL                              )
                                             )
                                             )
    Plaintiff,                          )
v.                                           )          Case No.
                                             )
ANTHONY GARCIA, BADGE NO. 4399 IN HIS        )
OFFICIAL CAPACITY AS A KANSAS CITY,          )
MISSOURI POLICE DEPARTMENT OFFICER,          )
AND AS AN INDIVIDUAL;                        )
    Serve at:                           )
    7003 NE 120th St                    )
    Kansas City, MO 64166               )
                                             )
MICHAEL WELLS, BADGE NO. 4860, IN HIS        )
OFFICIAL CAPACITY AS A KANSAS CITY,          )
MISSOURI POLICE DEPARTMENT OFFICER,          )
AND AS AN INDIVIDUAL;                        )
    Serve at:                           )
    8111 NE 111th Ter.                  )
    Kansas City, MO 64157               )
                                             )
DUSTIN ATKINS, BADGE NO. 45, IN HIS          )
OFFICIAL CAPACITY AS A JACKSON               )
COUNTY MISSOURI SHERIFF'S                     )
DEPARTMENT OFFICER ON ASSIGNMENT             )
WITH THE KANSAS CITY MISSOURI POLICE         )
DEPARTMENT, AND AS AN INDIVIDUAL;            )
    Serve at:                           )
    6025 NE 119th St.                   )
    Kansas City, MO 64156               )
                                             )
EDWARD L. LAMPORT, BADGE NO. 4845, IN        )
HIS OFFICIAL CAPACITY AS A KANSAS            )
CITY MISSOURI POLICE DEPARTMENT              )
OFFICER, AND AS AN INDIVIDUAL;              )
    Serve at:                           )
    10607 N. Hedges Ave.                )
    Kansas City, MO 64157               )
                                             )
EMELYNA AURICH, DIRECTOR OF                  )
PROPERTY MANAGEMENT FOR                      )
BLOCK 110 RESIDENTIAL, LLC.                  )

Serve at: )
50 E 13th St, Ste 200 )
Kansas City, MO  64106-2929 )
)
GABRIEL ROBINSON, VICE PRESIDENT OF )
OPERATIONS FOR KC LIVE!, L.P., A )
CORDISH COMPANY )
    Serve Registered Agent at: )
    Harold A. Tzinberg )
    7700 Forsyth Boulevard, Ste. 1100 )
    Clayton, MO 63105 )
)
BLOCK 110 RESIDENTIAL, LLC. )
    Serve Registered Agent at: )
    National Registered Agents, Inc. )
    120 South Central Avenue, Suite 400 )
    Clayton, MO 63105 )
)
THE CORDISH COMPANIES, INC. )
    Serve Registered Agent at: )
    CSC-Lawyers Incorporating Service )
    Company )
    7 St. Paul Street, Suite 820 )
    Baltimore, MD  21202 )
)
MICHAEL("MIKE") SOSA )
    Serve at: )
    1111 Main St. #750 )
    Kansas City, MO  64105 )
)
SEMPER BLUE PROFESSIONAL SERVICES, )
INC. )
    Serve: )
    Rex Tarwater, President )
    4042 Central St. )
    Kansas City, MO 64111 )
)
DAVID KENNEDY, IN HIS INDIVIDUAL AND )
OFFICAL CAPACITY )
    Serve at: )
    415 E. 12th St. )
    Kansas City, MO  64106 )
)
CAITLIN BROCK, IN HER INDIVIDUAL )
    AND OFFICIAL CAPACITY )
    Serve at: )

2

420 E. 66th Ter.          )
Kansas City, MO 64131     )
                                 )
DANIEL PORTNOY, IN HIS INDIVIDUAL AND )
OFFICIAL CAPACITY          )
       Serve at:              )
       33 W. Dartmouth Rd.    )
       Kansas City, MO 64113  )
                                 )
JEAN PETERS BAKERS IN HER INDIVIDUAL  )
AND OFFICIAL CAPACITY     )
       Serve at:              )
       6984 Valley Rd.        )
       Kansas City, MO 64113  )
                                 )
       Defendants.         )
_____)

# **COMPLAINT**

COME NOW Plaintiff Sean Wayne Null by and through his counsel Kenneth N. Caldwell and Edward N. Foster of the Caldwell Law Firm, P.C. and as and for his Complaint against Defendants hereby allege as follows:

# **INTRODUCTION**

1.      In accordance with the provisions of Section 1983 of the Civil Rights Act, this Complaint seeks redress in the form of monetary damages as a result of the unconstitutional violations of the Plaintiff's rights, which were wrongfully deprived by the unlawful conduct of the Kansas City Missouri Police Department ("KCPD") and other related parties. The Plaintiff avers that all the defendants acted under the color of state law and committed violations of the Plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Additionally, the Plaintiff asserts state claims pursuant to the Court's supplemental jurisdiction.

# **JURISDICTION AND VENUE**

3

2.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 1343. Plaintiff invoke the supplemental jurisdiction of the Court to hear and decide Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367(a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as Defendants were located, and the events giving rise to Plaintiff's claims occurred, within the boundaries of this judicial district.

**PARTIES**

4.    The Plaintiff in this 1983 lawsuit is Sean Null ("Null"), who is a resident of Kansas City, Missouri and a citizen of the United States.

5.    Mr. Null is not considered a "white citizen" under the meaning of 42 U.S.C. § 1981.

6.    The defendants named in this lawsuit include Detective Antonio Garcia, Detective Michael Wells, Dustin Atkins, Edward Lamport, Emelyna Aurich, Gabriel Robinson, Block 110 Residential, LLC, The Cordish Companies, Inc., Michael Sosa, Semper Blue Professional Services, LLC Inc., David Kennedy, Caitlin Brock, Daniel Portnoy, and Jean Peters Bakers.

7.    Detective Garcia ("Garcia") is a police officer with the KCPD who is being sued in both his individual and official capacity for acting individually and/or in concert with other defendants under color of state law.

8.    Detective Wells ("Wells") is also a KCPD officer being sued in both his individual and official capacity for acting individually and/or in concert with other defendants under color of state law.

9.     Dustin Atkins ("Atkins"), a supervisor for KCPD and a former officer with the Jackson County Missouri Sheriff's Department, is being sued in both his individual and official capacity for individually or acting in concert with other defendants under color of state law.

10.     Edward Lamport ("Lamport"), a supervising police officer with KCPD, is being sued in both his individual and official capacity for acting individually or in concert with other defendants under color of state law.

11.     Emelyna Aurich ("Aurich"), the Director of Property Management for The Cordish Companies operating Block 110 Residential (Kansas City Properties), is being sued for acting individually or in concert with KCPD officers in violation of Mr. Null's constitutional rights.

12.     Gabriel Robinson ("Robinson"), the Vice President of Operations for K.C. Live!, a Cordish Company operating Block 110 Residential (Kansas City Properties), is also being sued for acting individually or in concert with KCPD officers in violation of Mr. Null's constitutional rights.

13.     **Block 110 Residential, LLC** ("Block 110"), a Missouri limited liability company, is being sued for its exercise of control over Aurich and Robinson, who were acting within the scope of their employment and in violation of Mr. Null's constitutional rights.

14.     **The Cordish Companies, Inc., a Maryland corporation** ("Cordish"), is being sued for  its exercise of control over Aurich and Robinson, who were acting within the scope of their employment and in violation of Mr. Null's constitutional rights.

15.     Michael Sosa ("Sosa"), a supervisor for Semper Blue Professionals, Inc., is being sued for acting individually or in concert with other defendants to violate Mr. Null's constitutional rights while acting within the scope of his employment.

5

16.     Semper Blue Professional Services, Inc. ("Semper Blue"), an administratively dissolved Missouri corporation, is being sued for its exercise of control over Sosa, who was acting within the scope of his employment and in violation of Mr. Null's constitutional rights.

17.     David Kennedy ("Kennedy"), a prosecutor with the Jackson County Prosecutor's Office ("Prosecutor's Office"), is being sued in his official and individual capacity for filing a claim against Mr. Null under the Missouri Criminal Activity Forfeiture Act ("CAFA") based on statements provided by Detective Garcia and initiating criminal charges against Plaintiff.

18.     Caitlin Brock ("Brock"), another prosecutor with the Jackson County Prosecutor's Office, is being sued in her official and individual capacity for filing two felony criminal charges against Mr. Null without probable cause.

19.     Defendant Daniel Portnoy ("Portnoy") was a prosecutor with the Jackson County, Missouri's Prosecutor's Office who was involved in the training of others in the office and is being sued in his individual and professional capacity.

20.     Defendant Jean Peters Bakers ("Peters Bakers") is the Jackson County Prosecutor who supervised Kennedy and Brock in the matters addressed herein.

## **FACTUAL ALLEGATIONS**

21.     On or about Friday March 13, 2020 at approximately 7:30 a.m. Defendant Garcia was working the "sort" at the United Parcel Service ("UPS") facility located at 223 N. James St., Kansas City, KS  66118.

22.     Upon information and belief, Detective Garcia was operating outside a Missouri peace officers' assigned jurisdiction and had a drug sniffing dog with him to search for suspicious packages.

23.     Defendant Garcia observed a large brown colored cardboard box measuring 16x16x16 inches come through for assortment.

24.     Defendant Garcia believed the package looked suspicious and selected the package for enhanced drug screening.  Defendant Garcia pulled the package aside and noted the name, phone number, address of the sender, along with the name and address of the named recipient in the adjoining state of Missouri.

25.     Defendant Garcia further noted the tracking number of the parcel and that it had a return address in California.

26.     Defendant Garcia weighed the package to determine the package's weight and recorded it at approximately 11 lbs.

27.     As a result of the enhanced screening, Garcia placed the targeted package with four other packages of unknown origin and contents and commanded his drug sniffing dog, referred to as K-9 Zina, to conduct a sniff search of the packages.

28.     Allegedly, K-9 Zina sat down after sniffing the targeting package and thus gave a positive indication that the package could contain narcotics that the dog was trained to detect.

29.     After seizing the package without a warrant, Defendant Garcia placed the package in his Kansas City Missouri police department vehicle and then drove from Kansas to Missouri, to the KCPD police department where he was licensed as a peace officer and is employed.

30.     Defendant Garcia's confiscation and removal of the package from UPS facilities constituted a seizure of the package within the State of Kansas prior to transport to the State of Missouri.

31.     Defendant Garcia's conduct interfered with the package's delivery to the named recipient, allegedly the Plaintiff.

32.    The UPS office relinquished both custody and control over the package when it left UPS's premises in the State of Kansas.

33.    Detective Garcia then applied for a search warrant from a Missouri judge to search the package.

34.    Defendant Garcia obtained the search warrant to search the package at approximately 10:05 a.m. on March 13, 2020.

35.    Detective Garcia opened the package and photographed both the package and the contents of the package that he removed.

36.    The contents consisted of five small bags of what allegedly appeared to be marijuana wrapped in food saver bags.

37.    Detective Garcia then used a field test kit to conduct a test, and the substance in the food saver bags tested positive for THC.  Detective Garcia did not conduct a test to determine the level of THC in the marijuana.

38.    The five bags were weighed and the total weight including the wrapping registered at approximately 5.4 lbs.

39.    The bags were then secured in the KCPD safe and allegedly remained there throughout Defendant's investigation of Plaintiff.

40.    Defendant Garcia then indicated that he would be conducting a "Knock and Talk" at the designated delivery address indicated on the subject parcel.

41.    Detectives Garcia and Wells then went to the designated delivery address which is an apartment building identified as One Light Luxury Apartments ("One Light") in downtown Kansas City, Missouri.

8

42.    Garcia and Wells made contact with Aurich who is the Director of Property Management for Block 110 Residential, a Cordish Company in the Kansas City area, and stated that they had a warrant for their activities.  In reality, they had only received a warrant to open and search a package that was still at KCPD headquarters and did not have a search warrant for One Light.

43.    Aurich, Garcia and/or Wells then made a false entry in Block 110's "parcel notification system" falsely alerting Plaintiff. a tenant at One Light, that a package had arrived and was ready to be picked up in the secured package room.  Defendants Aurich, Garcia and Wells all knew that no package had been delivered but they sent the fraudulent message anyway.

44.    Detectives Garcia and Wells waited for Plaintiff to respond to the false delivery notification (of a package that was not in their possession and not at the subject location.)

45.    After receiving the false delivery notification, Plaintiff Null went to retrieve whatever was being delivered without any knowledge of what was being delivered.

46.    Detectives Garcia and Wells approached Defendant Null and placed him under investigatory arrest immediately after entering the restricted access package room of One Light, placed him in handcuffs and seized his cell phone and apartment keys.

47.    Detectives Garcia and Wells then attempted to question Plaintiff Null about the package that was, and had been, under their sole custody and control.

48.    Plaintiff Null advised the officers that he wanted his attorney present for any questioning.

49.    Plaintiff Null requested a copy of the arrest warrant that Garcia and Wells were relying upon for his arrest.

50.    Detective Garcia stated that they didn't have one.

51.     Plaintiff Null asked for a copy of the seizure warrant for his cell phone and apartment keys.  Detective Garcia once again stated that they didn't have one.

52.     Detective Garcia then informed Plaintiff Null that Garcia was going to search Plaintiff's apartment.

53.     Plaintiff Null refused to consent to the search.

54.     Plaintiff Null then informed the Detectives that he intended to file an action for violating his fourth amendment constitutional rights to be free from search and seizure without a warrant.

55.     Defendant Garcia then asked Aurich for permission to conduct a dog sniff search on the seventh floor of the apartment building to which Aurich directly consented.

56.     Access to the seventh floor was restricted and required a key fob for entry.  The only people that had key fobs to the seventh floor were tenants of the seventh floor or employees of the entity Defendants.  Neither a girl scout nor a process server could access the floor without authorization.

57.     Aurich and Robinson, the Vice President of Operations for KC Live! L.P. , a Cordish Company, verbally consented to the dog sniff search even though Garcia and Wells did not have a warrant.  Aurich instructed Robinson to accommodate the search which he did.

58.     Defendants Garcia and Wells then gained access to the secure seventh floor using Plaintiff's confiscated key fob and allowed K-9 Zina to conduct a sniff search outside Plaintiff's apartment and in Plaintiff's apartment hallway.  Officer Garcia reported that the dog allegedly alerted to the presence of narcotics in front of Plaintiff's apartment unit.

59. Subsequent to and allegedly based on the dog's affirmative alert, Defendant Garcia sought another search warrant, search warrant No. 2, while Detective Wells guarded the apartment door.

60. Still on the same day, a limited search warrant was issued at 2:54 pm authorizing a search of the apartment solely for the following substances:

Marijuana a schedule I controlled substance
Cocaine a schedule II controlled substance
Methamphetamine a schedule II controlled substance
Heroin a schedule I controlled substance

61. The search warrant did not authorize a search beyond the specific substances mentioned above.

62. Defendant Officers Garcia, Wells and Atkins carried out the search and, other than 28 grams of marijuana, they did not find any narcotics or any of the other substances listed.

63. However, the officers went on a general exploration for evidence by exceeding the scope of the warrant when they searched the apartment and seized items that were not on the search warrant list, including a FN Five Seven firearm, gold and diamond jewelry, and over $10,000 in cash.

64. After physically seizing the items later appearing on the inventory list, Detective Garcia applied for a search/seizure warrant to search for and seize items that had already been photographed, documented and removed from Plaintiff's apartment.

65. On March 19, 2020 Defendant Garcia drafted and signed a probable cause statement that reported additional information including a statement that Plaintiff had two expunged felony convictions in the State of Kansas, specifically, Case No. KS091011A and KS091015J. Upon information and belief, the information was false but was turned over to the prosecutor to encourage and support the civil and criminal prosecution.

11

66.     On March 20, 2020, and as instigated by Detective Garcia, the Jackson County Prosecutor filed a civil forfeiture proceeding in Case No. 2016-CV09723 for forfeiture of the seized handgun and $10,500 in cash.

67.     On or about April 15, 2021, Kennedy, the State prosecutor handling the civil forfeiture case, realized that he could not prevail in the civil action without bringing criminal charges against the Plaintiff. Kennedy and Brock (who had not investigated the facts), then filed a criminal proceeding to support the civil forfeiture case.

68.     The criminal charges filed against Plaintiff Null by Brock were as follows:

**Charge Code/Description**

579.020-004Y20173560.0 Delivery of Controlled Substance Except 35 Grams or Less of Marijuana or Synthetic Cannabinoid
571.030-019Y20175299.0 Unlawful Use of Weapon - Subsection 11 - Possess Weapon and a Felony Controlled Substance

**Charge Level** Felony C Felony E
**Offense Date**

13-MAR-2020
13-MAR-2020

69.     In early October, 2021 the Prosecutor's office offered a deferred prosecution agreement to the Plaintiff in the criminal proceeding which would have required the Plaintiff to relinquish his already seized firearm.

70.     Kennedy and Brock's deferred prosecution offer was illegal and in violation of R.S. Mo. 513.617.3.

71.     When the prosecutors' misconduct was exposed, both the criminal action and the civil forfeiture action were promptly dismissed by Jackson County, Missouri on October 21, 2021.

72.     Upon information and belief, the Defendants have liability insurance and/or are self-insured that covers some part of the claims made herein and at least to the extent of any insurance they are not immunized against the claims set forth herein.

## CAUSES OF ACTION

## COUNT I
**Violation of Plaintiff's Fourth (4th) Amendment Right to be free from Unlawful Seizure cognizable under *42 U.S.C. § 1983*
(Unlawful Seizure of Package from UPS)
(Against Garcia)**

73.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

74.     On or around Friday, March 13, 2020, at approximately 7:30 a.m., Defendant Garcia, who is a Detective with the KCPD, was working the "sort" at the UPS (United Parcel Service) facility located at 223 N. James St., Kansas City, KS 66118.

75.     Defendant Garcia observed a large brown colored cardboard box, measuring 16x16x16 inches, pass through the sorting process. He removed the package and recorded the name, phone number, and address of the sender, as well as the name and address of the intended recipient, who resided in the adjoining state of Missouri. Defendant Garcia also noted the package's tracking number and that it was sent from California. Defendant Garcia weighed the package to determine its weight, which was approximately 11 lbs.

76.     Due to Defendant Garcia's suspicion that the package may contain drugs, he grouped the targeted package with three (or four) other packages and utilized a drug sniffing dog named K-9 Zina to sniff the packages. Allegedly, K-9 Zina indicated that the targeted package may contain drugs by sitting down after sniffing the package. As a result, Defendant Garcia

13

seized/confiscated the package and transported it across state lines to the KCPD police department, where he was employed.

77.     Defendant Garcia's confiscation/seizure/detention of the package deprived the carrier of its custody of the package and interfered with its timely delivery. Furthermore, Defendant Garcia's confiscation/seizure/detention and transportation of the package altered the legal jurisdiction of the package and the state laws and procedures applicable to the seizure.

78.     Defendant Garcia engaged in an unlawful seizure of the subject package when he removed the package from the UPS facility in the State of Kansas and transported it across state lines to the State of Missouri without a seizure warrant.

79.     It was clearly established at the time that the confiscation/seizure/detention of the package without a warrant was a violation of Plaintiff's fourth amendment rights.

80.     As a direct and proximate result of Defendant's actions, Plaintiff Null has suffered damages, as alleged herein. Plaintiff seeks both compensatory and punitive damages.

<u>**COUNT II**</u>
**Violation of Plaintiff's right to Equal Protection under *42 U.S.C. § 1983***
**((Against Garcia and Wells)**

81.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

82.     The Plaintiff was treated differently from others similarly situated in that Garcia and Wells intercepted a package and locked up its contents, yet pursued Plaintiff Null without a search or seizure warrant in violation of his constitutional rights, even though there were no exigent circumstances to do so.

83.     Others similarly situated, for example Herbert Green, in Case No. Case 4:17-cr-00282-RK Doc. 23 dated May 11, 2018, actually picked up the suspect package and moved it to

his dwelling unit prior to any search thus ensuring that there was some connection between the package and the recipient.

84.     Defendant Garcia and Wells conduct was undertaken with the intent to inhibit the Plaintiff's exercise of his constitutional rights.

85.     As a direct and proximate result of Defendant's actions, Plaintiff Null suffered damages as described above. The Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees, under this claim for relief.

## COUNT III
**Violation of Plaintiff's Fourth (4th) Amendment Right to be free from Unlawful Search and Seizure cognizable under *42 U.S.C. § 1983*
(Excessive Force)
(Against Garcia, Wells, Aurich, Block 110 and Cordish)**

86.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

87.     Defendant Garcia used excessive force when he approached and handcuffed Plaintiff Null without probable cause and without a warrant.

88.     The handcuffing of Plaintiff Null violated Plaintiff Null's clearly established Fourth Amendment right to be free from unlawful search and seizure.

89.     As a direct and proximate result of Defendants' actions, Plaintiff Null was harmed as alleged above. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim for relief.

## COUNT IV
**Violation of Plaintiff's Fourth (4th) Amendment Right to be free from being Unlawfully Detained cognizable under *42 U.S.C. § 1983*
(Against Garcia, Wells, Aurich, Block 110, and Cordish)**

90.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

15

91.     When Garcia and Wells detained the Plaintiff outside the parcel storage room they did so with the assistance of Aurich, Block 110 and Cordish in violation of the Plaintiff's fourth amendment right to be free from illegal search and seizure.

92.     It was clearly established at the time that unlawfully detaining a person without seizure warrant was a violation of a person's fourth amendment rights.

93.     As a direct and proximate result of Defendant's actions, Plaintiff Null suffered damages as described above. The Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees, under this claim for relief.

**<u>COUNT V</u>**
**Violation of Plaintiff's Fourth (4th) Amendment Right to be free from Unlawful Search and Seizure cognizable under *42 U.S.C. § 1983***
**(Failure to Intervene)**
**(Against Wells)**

94.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

95.     Defendant Wells observed Defendant Garcia's unconstitutional arrest of Plaintiff Null and subsequent forceful handcuffing.

96.     Defendant Wells was also aware that Defendant Garcia had a reputation for and had been previously accused of constitutional violations.

97.     In spite of Wells' knowledge about Defendant Garcia's reputation and his observation of Defendant Garcia's warrantless arrest and handcuffing, Defendants Wells did nothing to intervene in the unconstitutional activity.

98.     As a direct and proximate result of Defendants' actions, Plaintiff Null was harmed as alleged above. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim for relief.

<u>**COUNT VI**</u>
**Violation of Plaintiff's Fifth (5th ) Amendment and Fourteenth (14th) Amendment Rights cognizable under *42 U.S.C. § 1983***
**(By Continuing to Question Plaintiff After Plaintiff was Arrested and Requested an Attorney)**
**(Against Defendants Garcia, Wells, Aurich, Cordish and Block 110)**

99.    The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

100.    When Plaintiff Null was arrested by Detective Garcia, and subsequently questioned by Garcia and Wells, Plaintiff immediately requested the presence of his attorney.

101.    Plaintiff's request for an attorney went unheeded and Defendants' Garcia and Wells continued to question Plaintiff Null ignoring the Plaintiff's fifth amendment constitutional right to remain silent.

102.    The continued questioning by Detective Garcia was intentional and a knowing and clear violation of Plaintiff Null's clearly established fifth amendment right to remain silent.

103.    As a proximate result of Defendants' actions, Plaintiff Null was damaged as hereinabove alleged.  Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

<u>**COUNT VII**</u>
**Violation of Plaintiff's Fourth (4th ) Amendment Right to be free from Unlawful Search and Seizure cognizable under *42 U.S.C. § 1983***
**(Confiscation of Cell Phone and Apartment Keys without a Warrant)**
**(Against Garcia,  Wells, Aurich, Cordish and Block 110)**

104.    The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

105.    On March 13, 2020, Defendant Garcia unlawfully arrested Plaintiff Null outside the parcel storage room at One Light and seized Plaintiff Null's cell phone and apartment keys without a warrant.

17

106.     The seizure of Plaintiff Null's cell phone and apartment keys without a warrant violated Plaintiff Null's clearly established Fourth Amendment right to be free from unlawful search and seizure.

107.     As a direct and proximate result of Defendants' actions, Plaintiff Null was harmed as alleged above. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim for relief.

<u>COUNT VIII</u>
**Violation of Plaintiff's Fourth (4th ) Amendment Right to be free from Unlawful Search and Seizure cognizable under *42 U.S.C. § 1983***
**(Unlawful/False Arrest)**
**(Against Garcia, Wells, Aurich, Cordish and Block 110)**

108.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

109.     Defendants Garcia and Wells lacked sufficient information to support probable cause for the arrest of Plaintiff, thereby violating Plaintiff's Null's Fourth Amendment rights.

110.     The Plaintiff did not physically handle or receive any package. Furthermore, he did not demonstrate any expectation that a package containing illegal substances was being delivered to him.

111.     Defendant Garcia, acting under the color of law, violated Plaintiff Null's clearly established right to be free from unreasonable search and seizure.

112.     As a direct and proximate result of Defendant's actions, Plaintiff Null suffered damages as described above. The Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees, under this claim for relief.

<u>COUNT IX</u>
**Violation of Plaintiff's Fourth (4th ) Amendment Right to be free from Unlawful Search and Seizure cognizable under *42 U.S.C. § 1983***
**(Unlawful Search of Curtilage of Apartment)**

**(Against Defendants Garcia, Wells, Aurich, Robinson, Cordish and Block 110)**

113.    The seventh floor of One Light, like other floors in the building, was inaccessible to anyone other than residents and others who possessed a key fob that provided secured access to the floor.

114.    Defendant Aurich and Robinson facilitated Defendants Garcia, Wells, and K-9 Zina's entry onto the floor to conduct a sniff search, despite the lack of consent or a warrant.

115.    The sniff search took place within a secured area that was within the curtilage of Plaintiff's apartment and without a valid warrant.

116.    Defendants Garcia, Wells, Aurich and Robinson, acting under color of state law, violated Plaintiff Null's clearly established Fourth Amendment rights by allowing K-9 Zina to conduct a warrantless sniff search without consent, thus depriving Plaintiff of rights secured by the Constitution and laws of the United States.

117.    As a proximate result of Defendants' actions, Plaintiff Null was damaged as alleged above. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim for relief.

## <u>COUNT X</u>
### Violation of Plaintiff's Fourth (4th) Amendment Right to be free from Unlawful Search and Seizure cognizable under *42 U.S.C. § 1983* (First Warrant to Search the Apartment failed the Particularity Requirement) (Against Garcia, Wells, Aurich, Block 110 and Cordish)

118.    The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

119.    In his application for the first warrant to search Plaintiff Null's apartment, Detective Garcia failed to meet the particularity requirement of the Fourth Amendment by failing

to describe with specificity what he was searching for and failing to identify the crime or crimes for which he was conducting the search.

120.     At the time of the search, it was clearly established that the particularity requirement had to be met for a valid search warrant under the Fourth Amendment.

121.     Defendant Garcia's search of the Plaintiff's premises violated the Fourth Amendment's protection against unreasonable searches and seizures due to the lack of particularity in the search warrant application.

122.     As a direct and proximate result of Defendant's actions, Plaintiff Null suffered damages as alleged herein. Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

## COUNT XI
**Violation of Plaintiff's Fourth (4th) Amendment Right to be free from Unlawful Search and Seizure cognizable under *42 U.S.C. § 1983***
**(Defendants' Search Exceeded the Scope of Search Warrant)**
**(Against Garcia, Wells, Atkins, Aurich, Robinson, Cordish and Block 110)**

123.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

124.     Defendants Garcia, Wells and Atkins with the assistance of Robinson conducted a search of Plaintiff Null's apartment unit pursuant to a search warrant. During the course of the search, Defendants exceeded the scope of the warrant by searching for and seizing property that was not identified in the warrant.

125.     It was clearly established at the time that Defendants' actions in seizing property outside the scope of the warrant violated Plaintiff Null's Fourth Amendment right to be free from unreasonable searches and seizures.

126.     As a proximate result of Defendants' actions, Plaintiff Null was harmed as alleged above. Plaintiff seeks compensatory damages, punitive damages, and attorneys' fees under this claim for relief.

**COUNT XII**
**Violation of Plaintiff's Fourth (4th) Amendment Rights by fabricating probable cause for a search warrant cognizable under *42 U.S.C. § 1983***
**(Defendant Garcia Fabricated Probable Cause by providing material and knowingly false information in a warrant application)**
**(Against Defendant Garcia, Aurich, Robinson, Block 110)**

127.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

128.     Defendant Garcia included false information in his search warrant application to strengthen his case against Plaintiff Null. He falsely stated that the package to be delivered was in Plaintiff Null's name but the actual package was addressed "Nully", heavily taped at its seams, and that Plaintiff Null was seen searching for a package containing drugs in a secured storage area.

129.     Defendant Garcia also failed to include information that would have been relevant to the issuance of a search warrant, such as the fact that K-9 Zina was in poor health and not able to perform the sniff test adequately, that the package had been in Defendant Garcia's possession from the time of its confiscation in Kansas, that Plaintiff Null's keys and cell phone had already been confiscated, and that Plaintiff Null had requested an attorney be present for questioning.

130.     The subsequent search warrant applications were also similarly flawed.

131.     It was clearly established at the time that the fabrication of false evidence and the omission of material information in obtaining a search warrant violated an individual's constitutional rights.

132.     As a direct and proximate result of Defendants' actions, Plaintiff Null suffered damages as alleged above. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees under this claim for relief.

## COUNT XIII
**Violation of Plaintiff's Fourth Amendment (4th ) Amendment and Fourteenth (14th) Amendment Rights to be from illegal search and seizure cognizable under *42 U.S.C. § 1983* (By Confiscating Plaintiff's Firearm without a valid Search Warrant) (Against Defendants Garcia, Wells, Aurich, Cordish and Block 110)**

133.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

134.     The Plaintiff's firearm was seized and removed from Plaintiff's apartment unit prior to the receipt of any valid search or seizure warrant for the firearm.

135.     It was clearly established at the time that the illegal seizure of property without a search warrant was illegal in violation of Plaintiff's fourth amendment right to be free from search and seizure.

136.     As a proximate result of Defendants actions, Plaintiff Null was damaged as hereinabove alleged.  Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

## COUNT XIV
**Violation of Plaintiff's First (1st ) Amendment right to be free from retaliation cognizable under *42 U.S.C. § 1983* and conspiracy to violate Plaintiff's rights under *42 U.S.C. § 1985(3)* (Retaliating Against Plaintiff for Threatening to file Suit) (Against Defendants Garcia, Wells, Aurich, Cordish and Block 110)**

137.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

138. Plaintiff Null exercised his First Amendment right to free speech by informing one or more of the Defendants that he intended to file a lawsuit against them for violating his constitutional rights after his arrest.

139. The Defendants engaged in a pattern of harassment and intimidation against Plaintiff Null, including Defendant Garcia's falsification and/or omission of material in his applications for search warrants, Defendants Garcia, Wells, and Robinson's seizure and removal of property from Plaintiff's apartment without a search and seizure warrant, and repeated physical harassment by Sosa and Semper Blue in the Kansas City Live entertainment district, where they provided security.

140. The Defendants' retaliatory acts would have deterred a person of ordinary firmness from exercising their protected speech rights.

141. As a proximate result of Defendants' retaliatory actions, Plaintiff Null was damaged as hereinabove alleged. Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

### COUNT XV
**Violation of Plaintiff's Constitutional Rights by Failure to Properly Train and Supervise cognizable under *42 U.S.C. § 1983*
(Against Lamport)**

142. The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

143. Upon information and belief, Supervisor Lamport had previously received notice of a pattern of unconstitutional act committed by Defendant Garcia.

144. In spite of his knowledge, Defendant Lomport demonstrated deliberate indifference or tacit authorization of Defendant Garcia's unconstitutional acts.

23

145.    Defendant Lamport's failure to train and supervise Garcia and to reign in his unconstitutional conduct was the proximate cause of Plaintiff Null's damages.

146.    As a result, Plaintiff Null was damaged as hereinabove alleged. Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

## COUNT XVI
### (Malicious Prosecution - CAFA)
### (Against Garcia, Kennedy and Peters-Baker)

147.    The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

148.    Defendants Garcia, Kennedy and Peters-Baker instigated a Criminal Activity Forfeiture Act ("CAFA") claim against Plaintiff Null on March 20, 2020.

149.    The CAFA proceeding was based on false and misleading statements by Defendant Garcia which were not independently investigated by Defendants Kennedy and Peters-Baker.

150.    The civil forfeiture proceeding initiated against Plaintiff Null was voluntarily dismissed on or about October 21, 2021.

151.    The actions of Garcia, Kennedy, and Peters-Baker were made with malice in that Plaintiff Null had threatened to file a lawsuit against them and their response was to pursue unprovable charges against him and offer him an illegal plea agreement using the confiscated firearm as leverage.

152.    As a proximate result of Defendants actions, Plaintiff Null was damaged as hereinabove alleged.  Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

## COUNT XVII
### (Malicious Criminal Prosecution)

24

**(Against Garcia, Kennedy, and Brock)**

153.    The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

154.    Defendants Garcia, Kennedy, Brock and Peters-Baker instigated criminal prosecution against Plaintiff Null for two felony charges based on stale and misleading statements by Defendant Garcia without any independent review or probable cause.

155.    Given that Plaintiff Null never had possession of the package that was confiscated by Garcia, Defendants Kennedy, Brock and Peters-Baker did not have any probable cause to file the two felony charges against Plaintiff Null because the charges made were based upon an illegal quantity of marijuana that Plaintiff Null did not have.

156.    Further the charges were initiated more than a year after the civil forfeiture proceeding was filed when Defendant Kennedy realized that his civil forfeiture action could not be successful without filing criminal charges.

157.    The criminal charges were filed to try and salvage the civil forfeiture action.

158.    The criminal proceeding initiated against Plaintiff Null was baseless and eventually terminated by voluntary dismissal on or about October 21, 2021.

159.    The actions of Garcia, Kennedy and Brock were made with malice in that Plaintiff Null had threatened to file a lawsuit against them and their response was to pursue unprovable charges against him and offer him an illegal plea agreement using the confiscated firearm as leverage.

160.    Defendants' unlawful purpose of prosecuting Plaintiff Null so that Plaintiff's threat of a civil rights action would collapse was wrongful.

161.     As a proximate result of Defendants actions, Plaintiff Null was damaged as hereinabove alleged.  Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

<u>**COUNT XVIII**</u>
**Violation of Plaintiff's Constitutional Rights by Failure to Properly Train and Supervise cognizable under** *42 U.S.C. § 1983*
**(Against Peters-Baker and Portnoy)**

162.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

163.     Peters-Baker and Portnoy failed to properly train and supervise Kennedy and Brock in the handling of a CAFA action.

164.     As a result of the failure, Plaintiff Null was damaged as hereinabove alleged. Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

<u>**COUNT XIX**</u>
<u>**False Light Invasion of Privacy**</u>
**(Against Sosa and Semper Blue)**

165.     The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

166.     Defendant Sosa on behalf of himself and Semper Blue made false statements to third parties that Plaintiff Null was a drug dealer, which would have been highly offensive to any reasonable person and was highly offensive to Plaintiff Null.  The false statements placed Plaintiff in a false light.

167.     Defendant Sosa acted in reckless disregard of the falsity of his statements, having no personal knowledge to justify his accusations against Plaintiff Null.

168.    Defendant Sosa made these statements with malice and the intent to get Plaintiff Null evicted in order to discredit Plaintiff Null's report about Sosa's girlfriend asking for drugs from him, which could have led to Sosa's eviction from One Light.

169.    As a result of Defendant Sosa's false statements, Plaintiff Null has incurred special damages in the form of moving and relocation costs, and other damages including lost earnings, lost earning capacity, pain and suffering, emotional distress, shame, disgrace, and impairment to reputation and standing in the community.

170.    In addition, Plaintiff's reputation in the community was tarnished such that he was unable to raise additional money as a founder for his start-up company, Erkios Systems, LLC.

171.    Plaintiff Null was damaged as a proximate result of Defendant's actions, as alleged above. Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

## COUNT XX
### Intentional Infliction of Emotional Distress
### (Against Sosa, Aurich, Robinson and Semper Blue)

172.    The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

173.    Defendant Sosa, acting for and on behalf of Semper Blue, intentionally or recklessly caused Plaintiff Null to suffer severe emotional distress by making false statements to third parties, including but not limited to Jane Doe No. 1, that Plaintiff Null was a drug dealer.

174.    Defendant Sosa's actions were intentional and/or made with reckless disregard of the truth or falsity of said comments.

27

175.    As a result of Defendant Sosa's actions, Plaintiff Null was constructively evicted from his apartment on and has suffered shame, humiliation, embarrassment, anger, and worry about the effect it would have on his reputation as an aspiring entrepreneur in the community.

176.    As a proximate result of Defendant's actions, Plaintiff Null was damaged as hereinabove alleged. Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

## COUNT XXI
**Abuse of Process**
**(Against Kennedy, Brock, Portnoy and Peters-Bakers)**

177.    The Plaintiff incorporates by reference each of the previous paragraphs as if set forth herein in full.

178.    Defendants Kennedy, Brock, Portnoy and Peters-Baker brought or maintained both a civil CAFA action and a related criminal action (filed one year after the civil CAFA action) against Plaintiff Null without probable cause and without a valid basis to do so.

179.    The Defendants had an illegal purpose in doing so, which was to attempt to negotiate a resolution of both claims by negotiating with the seized property as leverage.

180.    Both the civil and the criminal proceedings were voluntarily dismissed by Defendants.

181.    As a proximate result of Defendant's actions, Plaintiff Null was damaged as hereinabove alleged. Plaintiff seeks compensatory damages and punitive damages, as well as attorneys' fees, under this claim for relief.

## PRAYER

WHEREFORE, Plaintiff prays for a judgment and decree of this Court as follows:

1.    For compensatory damages;

2.        For cost of suit and reasonable attorney's fees in accordance with 42 U.S.C. §1988;

3.        For punitive damages;

4.        For prejudgment interest;

5.        For such other and further relief as the court deems just and equitable in the premises.

DATED this 14th day of March, 2023.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all triable issues.

By:   */s/  Kenneth N. Caldwell*
KENNETH N. CALDWELL, ESQ.
Missouri Bar No. 65443
CALDWELL LAW FIRM, P.C.
2300 Main Street, Ste. 900
Kansas City, MO 64108
Tel. (302) 588-3834
Facsimile. (702) 548-9796
kcaldwell@caldwell-law-firm.com

EDWARD N. FOSTER, ESQ.
Missouri Bar No. 40320
CALDWELL LAW FIRM, P.C.
2300 Main Street, Ste. 900
Kansas City, MO 64108
Tel. (302) 588-3834
Facsimile. (702) 548-9796
efoster@caldwell-law-firm.com

ATTORNEYS FOR PLAINTIFF