# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Sean Wayne Null, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 23-cv-00179-HFS |
| Anthony Garcia, *et. al*, | ) |
|     Defendants. | ) |

## **Defendants Garcia and Wells' Answer to Plaintiff's Complaint**

Defendants Anthony Garcia and Michael Wells submit this Answer to Plaintiff's Complaint.

1. Regarding paragraph 1, Defendants admit that Plaintiff attempts to bring a civil rights action; Defendants deny that Plaintiff has any viable causes of action. Defendants deny Plaintiff is entitled to any relief, and further deny that any constitutional violations were committed. Finally, Defendants deny all remaining averments in paragraph 1.

2. The averments in paragraph 2 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

3. The averments in paragraph 3 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

4. Regarding paragraph 4, Defendants admit Plaintiff is Sean Null; Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the remaining averments, and therefore, are not able to answer. To the extent an answer is required, they deny all remaining averments.

5. The averment in paragraph 5 is a legal conclusion requiring no answer; to the extent, an answer is required, Defendants deny the same.

6. Defendants admit the named defendants are those individuals identified in paragraph 6.

7. Defendants admit Garcia is an employee of the KCPD; the remaining averments in paragraph 7 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

8. Defendants admit Wells is an employee of the KCPD; the remaining averments in paragraph 8 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

9. Regarding paragraph 9, Defendants deny Atkins is a supervisor for KCPD. Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averment that Atkins is a former officer with Jackson County Missouri Sheriff's Department, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same. The remaining averments in paragraph 9 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

10. Regarding paragraph 10, Defendants admit Lamport is a supervising employee with the KCPD. The remaining averments are legal conclusions, requiring no answer. To the extent an answer is required, Defendants deny the same.

11. Regarding paragraph 11, Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averment that Aurich is director of property management for Cordish Companies, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same. The remaining averments in paragraph 11

are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

12. Regarding paragraph 12, Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averment that Robinson is the Vice President of Operations for K.C. Live!, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same. The remaining averments in paragraph 12 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

13. Regarding paragraph 13, Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averments, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same.

14. Regarding paragraph 14, Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averments, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same.

15. Regarding paragraph 15, Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averment that Sosa is a supervisor for Semper Blue Professionals, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same. The remaining averments in paragraph 15 are legal conclusions requiring no answer; to the extent, an answer is required, Defendants deny the same.

16. Regarding paragraph 16, Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averments, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same.

17. Regarding paragraph 17, Defendants are without knowledge or information sufficient to form a belief about the truthfulness of the averment that David Kennedy is a prosecutor with the Jackson County Prosecutor's Office, and therefore, are unable to answer; to the extent an answer is required, Defendants deny the same. The remaining averments in paragraph 17 are legal conclusions requiring no answer; to the extent an answer is required, Defendants deny the same.

18. As to paragraph 18, Defendants admit Brock is an assistant prosecutor with the Jackson County Prosecutor's Office; the remaining averments in paragraph 18 are legal conclusions requiring no answer; to the extent an answer is required, Defendants deny the same.

19. As to paragraph 19, Defendants admit Portnoy is an assistant prosecutor with the Jackson County Prosecutor's Office; the remaining averments in paragraph 19 are legal conclusions requiring no answer; to the extent an answer is required, Defendants deny the same.

20. As to paragraph 20, Defendants admit Peters Baker is the Jackson County Prosecutor; Defendants are without sufficient information and knowledge to form a belief about the truthfulness of the remaining averments, and therefore, are unable to answer. To the extent an answer is required, they deny the same.

21. Defendants admit the averments in paragraph 21.

22. Defendants deny the averment in paragraph 22 that Garcia was operating outside a Missouri peace officers' assigned jurisdiction; Defendants admit that Garcia had a drug sniffing dog with him; Defendants deny all remaining averments in paragraph 22.

23. Defendants admit that Garcia observed a large brown colored cardboard box measuring 16x16x16 inches; Defendants deny the remaining averments in paragraph 23.

24. Defendants admit that Garcia believed the package looked suspicious and selected the package along with 4 other unrelated parcels for sniff check; Defendants deny the remaining averments in paragraph 24.

25. Defendants admit the averments in paragraph 25.

26. Regarding paragraph 26, Defendants admit Garcia weighed the package and it weighed 11 lbs.

27. Defendants admit that Garcia placed the targeted package with 4 other packages of unknown origin and commanded his drug sniffing dog referred to as K9 Zina to conduct a sniff search of the packages; Defendants deny the remaining averments in paragraph 27.

28. Defendants admit that K-9 Zina sat down after sniffing the targeting package and thus gave a positive indication that the package could contain narcotics that the dog was trained to detect; Defendants deny the remaining averments in paragraph 28.

29. Defendants admit UPS released the package to Garcia who placed the package in his vehicle then drove from Kansas to Missouri where he was licensed as a peace officer and is employed at KCPD police department; Defendants deny the remaining averments in paragraph 29.

30. The averments in paragraph 30 are legal conclusions, requiring no answer; to the extent an answer is required, Defendants deny all averments in paragraph 30.

31. Defendants admit that Garcia intercepted the package's normal delivery to the named recipient who was the Plaintiff; Defendants deny the remaining averments in paragraph 31.

32. Defendants admit the averments in paragraph 32.

33. Defendants admit the averments in paragraph 33.

34. Defendants admit the averments in paragraph 34.

35. Defendants deny the averments in paragraph 35.

36. Defendants admit the contents consisted of 5 bags of marijuana wrapped in food saver bags; Defendants deny all remaining averments in paragraph 36.

37. Defendants admit Garcia used a DL kit to conduct a test of one bundle and the substance tested positive for THC and did not test the level of THC; Defendants deny all remaining averments in paragraph 37.

38. Defendants admit the total weight of the marijuana was 5.4 lbs.; Defendants deny all remaining averments in paragraph 38.

39. Defendants deny the averments in paragraph 39.

40. Defendants admit the averments in paragraph 40.

41. Defendants admit the averments in paragraph 41.

42. Defendants admit they made contact with management of the property and stated they had a warrant for the parcel; they admit at that time they had no search warrant for One Light; Defendants deny all remaining averments in paragraph 42.

43. Defendants admit management made an entry alerting Plaintiff that a package for him had arrived and was ready to be picked up in the secured packaging room; Defendants further admit they knew no package had been delivered to One Light for Plaintiff; Defendants deny all remaining averments in paragraph 43.

44. Defendants admit they waited for Plaintiff to respond to the delivery notification, which he did; Defendants deny all remaining averments in paragraph 44.

45. Defendants admit Plaintiff went to retrieve the package after the delivery notification; Defendants deny all remaining averments in paragraph 45.

46. Defendants admit they placed Plaintiff under investigatory arrest after he entered the restricted access package room at One Light; Defendants deny all remaining averments in paragraph 46.

47. Defendants deny the averments in paragraph 47.

48. Defendants admit Plaintiff told them he wanted his attorney; Defendants deny all remaining averments in paragraph 48.

49. Defendants deny the averments in paragraph 49.

50. Defendants deny the averments in paragraph 50.

51. Defendants deny the averments in paragraph 51.

52. Defendants admit Garcia asked Plaintiff to search Plaintiff's apartment; Defendants deny the remaining averments in paragraph 52.

53. Defendants admit the averments in paragraph 53.

54. Defendants deny the averments in paragraph 54.

55. Regarding paragraph 55, Defendants admit Garcia asked management for permission to conduct a dog sniff search of the 7th floor to which management consented.

56. Defendants admit the 7th floor was restricted; as to the remaining averments in paragraph 56, Defendants are without sufficient information and knowledge to form a belief about the truthfulness of these averments, and therefore, are unable to answer. To the extent an answer is required, they deny the same.

57. Defendants admit management consented to the dog sniff search even though they did not have a warrant; Defendants deny all remaining averments in paragraph 57.

58. Defendants gained access to the 7th floor and allowed K9 Zina to conduct a sniff search outside Plaintiff's apartment and in Plaintiff's apartment hallway; Defendants further admit

the dog alerted to the presence of narcotics in front of Plaintiff's apartment; Defendants deny all remaining averments in paragraph 58.

59. Defendants admit based on the dog's affirmative alert, Garcia sought a warrant for Plaintiff's apartment; Defendants deny all remaining averments in paragraph 59.

60. Defendants admit on that same day, a search warrant was issued for his apartment at 2:54p.m. to search for the following: Marijuana a schedule I controlled substance; Cocaine a schedule II controlled substance; Methamphetamine a schedule II controlled substance; and Heroin a schedule I controlled substance; Defendants deny all remaining averments in paragraph 60.

61. Defendants deny the averments in paragraph 61.

62. Defendants admit they carried out the search which yielded 28.2 grams of marijuana; and they did not find any of the other substances listed on the search warrant; Defendants deny all remaining averments in paragraph 62.

63. Defendant admits they seized a FN firearm, gold and diamond jewelry and over $10,000 in cash; Defendants further admit these items were not on the search warrant; Defendants deny all remaining averments in paragraph 63.

64. Defendants deny the averments in paragraph 64.

65. Defendants admit Garcia prepared and signed the p.c. statement that reported two expunged felony convictions belonging to Plaintiff, from the State of Kansas, case numbers KS091011A and KS091015J; Defendants deny all remaining averments in paragraph 65.

66. Defendants admit on March 20, 2020, Jackson County Prosecutor filed a civil forfeiture proceeding in Case No. 2016-CV09723 for forfeiture of the seized handgun and $10,500; Defendants deny all remaining averments in paragraph 66.

67. Defendants deny the averments in paragraph 67.

68. Defendants deny the averments in paragraph 68.

69. Defendants deny the averments in paragraph 69.

70. Defendants deny the averments in paragraph 70.

71. Defendants deny the averments in paragraph 71.

72. Defendants deny the averments in paragraph 72.

73. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

74. Defendants admit the averments in paragraph 74.

75. Defendants admit the averments in paragraph 75.

76. Defendants admit the averments in paragraph 76.

77. Defendants deny the averments in paragraphs 77 through 80.

78. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

79. Defendants deny all remaining averments in paragraphs 82 through 85.

80. Defendants incorporate by reference all preceding paragraphs though fully stated herein.

81. Defendants deny the averments in paragraphs 87 through 89.

82. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

83.  Defendants deny the averments in paragraphs 91 through 93.

84. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

85. Defendants deny the averments in paragraphs 95 through 98.

86. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

87. Defendants deny the averments in paragraphs 100 through 103.

88. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

89. Defendants deny the averments in paragraphs 105 through 107.

90. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

91. Defendants deny the averments in paragraphs 109 through 112.

92. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

93. Defendants deny the averments in paragraphs 113 through 117.

94. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

95. Defendants deny the averments in paragraphs 119 through 122.

96. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

97. Defendants deny the averments in paragraphs 124 through 126.

98. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

99. Defendants deny the averments in paragraphs 128 through 132.

100. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

101. Defendants deny the averments in paragraphs 134 through 136.

102. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

103. Defendants deny the averments in paragraphs 138 through 141.

104. Count XV does not pertain to Defendants; therefore, no answer is required from them. To the extent an answer is required, Defendants incorporate by reference all preceding paragraphs of this answer as though fully set forth herein and deny each and every averment in paragraphs 143 through 146.

105. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

106. Defendants deny all averments in paragraphs 148 through 152.

107. Defendants incorporate by reference all preceding paragraphs as though fully stated herein.

108. Defendants deny the averments in paragraphs 154 through 161.

109. Count XVIII through Count XXI do not pertain to Defendants; therefore, no answer is required from them. To the extent an answer is required, Defendants incorporate by reference all preceding paragraphs of this answer as though fully set forth herein and deny each and every averment in paragraphs 163 through 181.

110. Defendants deny Plaintiff is entitled to any of the relief he requests in paragraphs 1 through 5 under his prayer for relief.

## AFFIRMATIVE DEFENSES

111. Plaintiff's Section 1983 claims against Defendants in their individual capacity are barred by qualified immunity.

112. Plaintiff's Section 1983 claims against Defendants in their official capacity are barred by 11th Amendment immunity.

113. Plaintiff's state law claims against Defendants in his official capacity are barred by sovereign immunity.

114. Plaintiff's state law claims against Defendants in their individual capacity are barred by official immunity.

115. Plaintiff fails to state an unlawful seizure of package claim, equal protection claim, excessive force claim, unlawful detention claim, failure to intervene claim, 5th Amd/14th Amd claim, confiscation of cell phone and keys claim, false arrest claim, unlawful search of curtilage claim, unlawful search due to warrant deficiencies claim, exceeding the scope

of the warrant claim, fabricating p.c. claim, unlawful seizure of firearm claim, 1st amd claim, and mal pros claim against Defendants upon which relief may be granted.

WHEREFORE, based on the foregoing, Defendants Garcia and Wells request this action be dismissed with prejudice, and for such other and further relief as this Court deems just and necessary.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Diane Peters*
Missouri Bar No. 54784
Assistant Attorney General
615 E 13th Street, Ste. 401
Kansas City, Missouri 64106
Phone: (816) 889-5000
Fax: (816) 889-5006
Diane.Peters@ago.mo.gov
Attorneys for Garcia and Wells

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2023, the foregoing was filed electronically via the Court's ECF system, and by way thereof, served upon all attorneys of record.

/s/ Diane Peters
Assistant Attorney General